KAUFMAN, J.
I concur fully in both the judgment of reversal and the reasoning in the main opinion. The purpose of this separate concurring opinion is to emphasize a point which may prove vital upon trial.
The point to be emphasized is that plaintiff’s allegations concerning its injury and damages suffered by it are ambiguous.[1] It cannot be ascertained with any assurance of accuracy whether plaintiff claims to have suffered compensable injury to its reputation within the hotel and restaurant industry generally or whether the only injury it suffered was in organizing Anaheim’s employees in respect to the representation election to be held April 29, 1977. Defendants did not challenge the sufficiency of these allegations by a demurrer on the ground no cause of action was stated or by special demurrers for uncertainty or ambiguity. They chose instead to demur on the sole ground of exclusive NLRB jurisdiction. Under these circumstances, we have given plaintiff the benefit of the doubt and viewed its allegations as including an allegation of compensa *762 ble injury to its reputation within the hotel and restaurant industry generally. However, if the only injury alleged was to its reputation among Anaheim’s employees, reducing its effectiveness in organizing those employees with respect to the representation election, the case would be an entirely different case and defendants’ contention of exclusive NLRB jurisdiction might be meritorious.
Respondents’ petition for a hearing by the Supreme Court was denied September 20, 1978.

Paragraph number 8 of the complaint reads: “As a direct and proximate result of the said misconduct of the defendants, and each of them, the plaintiff has been injured in its business and occupation as a collective bargaining agent for employees within the hotel and restaurant industry, has been exposed to hatred, contempt, and ridicule and has caused the plaintiff to be shunned and avoided by the employees of the defendant, ANAHEIM OPERATING, INC. so as to create damage to the plaintiff in organizing the said employees and in conducting an election campaign for an election to be held on April 29, 1977 by the National Labor Relations Board. Plaintiff is thereby entitled to general damages.”